UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EON DAVIS, JR., et al.,                    )
                                           )
                    Plaintiffs,            )
                                           )
          v.                               )        No. 1:25-cv-00978-SEB-MG
                                           )
SPIRIT LOGISTICS NETWORK,                  )
                                           )
                    Defendant.             )

**ORDER**

Now before the Court is *pro se* Plaintiff Eon Davis, Jr.'s Request for Clerk's Entry

of Default [Dkt. 13].  Mr. Davis seeks an entry of default against Defendant Spirit

Logistics Network on the grounds that Defendant was served with the summons and

complaint on October 3, 2025, as reflected in the Proof of Service of Summons [Dkt. 12]

he filed, yet Defendant has not filed an answer, responsive pleading, or otherwise

appeared or defended this action.  Accordingly, Mr. Davis contends that a Clerk's entry of

default is proper under Federal Rule of Civil Procedure 55(a).

"Before a default can be entered, the court must have subject-matter jurisdiction

and jurisdiction over the party against whom the judgment is sought, which also means

that the party must have been effectively served with process."  10A Charles Alan Wright

& Arthur R. Miller, FED. PRAC. & PROC. CIV. § 2682, Entry of Default Under Rule 55(a)

(4th ed. 2019) (citations omitted).  Pursuant to Rule 4(h) of the Federal Rules of Civil

Procedure, a corporation, partnership, or association may be served by "following state

law for serving a summons … in the state where the district court is located or where

1

service is made"; "delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant…." Fed. R. Civ. P. 4(h)(1). The Indiana Rules of Trial Procedure provide that service may be made upon a domestic or foreign organization by serving "an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. R. Trial P. 4.6(A)(1). "Executive officer[s]" of an organization include "the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder." Ind. R. Trial P. 83(2). The Indiana Trial Rules further provide that service under Rule 4.6(A) "must be made on the proper person in the manner provided by these rules for service upon individuals…." Ind. R. Trial P. 4.6(B).

In this case, Mr. Davis attempted to serve Spirit Logistics Network by mailing the summons and complaint to 1784 East Main Street, Greenwood, IN 46143. However, that address is not the address of Spirit Logistics Network's registered agent, which information is publicly available on the Indiana Secretary of State's website. Nor did Mr. Davis properly effectuate service upon any other executive officer of Spirit Logistics Network in the manner provided for service upon individuals. The attachment to the Proof of Service filed by Mr. Davis shows that an item was delivered to a recipient whose name, though not entirely legible, appears to be "Blaych Troci." There is no indication that this individual is an executive officer under Indiana Trial Rule 83(2). Indiana law

2

requires that service be made "on the proper person" and here Mr. Davis did not address the envelope containing the summons and complaint to any specific person, much less "the proper person."  *See Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 659 (Ind. Ct. App. 2001) (holding that addressing pleadings to "Volunteers of America" rather than to any specific person was inadequate under Trial Rule 4.6).  For these reasons, mailing the summons and complaint to 1784 East Main Street, Greenwood, IN 46143 does not constitute proper service upon Spirit Logistics Network under the Federal Rules of Civil Procedure or the Indiana Rules of Trial Procedure.

Since the present record does not indicate that Defendant has been properly served, Mr. Davis's Request for Clerk's Entry of Default [Dkt. 13] is <u>DENIED</u>.  Under Federal Rule of Civil Procedure 4(m), where, as here, a defendant is not properly served "within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  **Plaintiffs are hereby <u>ORDERED</u> to perfect service within forty-five (45) days of the date of this Order, or this action will be dismissed without prejudice for failure to comply with Rule 4(m).**

IT IS SO ORDERED.

Date: _____4/23/2026_____     _~Sarah Evans Barker~_____
                                       SARAH EVANS BARKER, JUDGE
                                       United States District Court
                                       Southern District of Indiana

3

Distribution:

EON DAVIS, JR.
9127 Briergate Ct.
Apt. G
Indianapolis, IN 46229

SHAWN GEE
1726 Gimber St.
Indianapolis, IN